U.S. DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**EDWARD SLAPPY**
**Individual,**
    Plaintiffs,   CASE NO.   19-cv-10171-VAR-MKM
                                              HON. Victoria A. Roberts

v.

**ERIC CARTHAN and**
**ERIC BROMLEY,**
**RANDOLPH WILLIAMS**
    **In their individual and official capacities,**
    Defendants,
_____/

| | |
|---|---|
| **DAVID A. ROBINSON (P 38754)** | **KRYSTAL A. CRITTENDON(P49981)** |
| **BRANDON MCNEAL (P 81300)** | **ALFRED ASHU (P82536)** |
| **ROBINSON & ASSOCIATES, P.C.** | **City of Detroit Law Department** |
| Attorneys for Plaintiff | Attorneys for Defendants |
| 28145 Greenfield Rd., Suite 100 | Coleman A. Young Municipal Center |
| Southfield, MI 48076 | 2 Woodward Ave., Ste. 500 |
| (248) 423-7234 | Detroit, MI 48226 |
| davidrobinsonlaw@gmail.com | (313) 237-3031 |
| mcnealbr@gmail.com | Alfreda@detroitmi.gov |

**THOMAS E. KUHN (P37924)**
Co-Counsel for Plaintiff
615 Griswold Street, Ste. 515
Detroit, MI 48226
313.963.522; fax 313.963.9061
tekuhn@aol.com \\
_____ _____/

**PLAINTIFF'S RESPONSE AND BRIEF IN OPPOSITION TO
DEFENDANTS' MOTION IN LIMINE TO PRECLUDE
DETROIT POLICE DEPARTMENT POLICIES**

## STATEMENT OF MOST APPROPRIATE AUTHORITY

A district court can rule on evidentiary motions in limine "to narrow the issues remaining for trial and to minimize disruptions at trial." *United States v. Brawner*, 173 F.3d 966, 970 (6th Cir. 1999). Defendants ask that this Court to preclude their policies related to the actual misconduct alleged in this case, as irrelevant, more prejudicial than probative, misleading, and confusing.

A review of the law on this issue reveals that district courts in this Circuit do not categorically exclude this evidence. *See Luna v. Bell*, No. 3:11-cv-00093, 2013 WL 12316066, *6, n.3, 2013 U.S. Dist. LEXIS 202793, *20 n.3 (M.D. Tenn. Aug. 1, 2013) (holding that correctional facility policies are relevant to the issue of whether a defendant acted within constitutional bounds); *see also Alvarado v. Oakland County*, 809 F. Supp.2d 680, (E.D. Mich. 2011) (concluding that plaintiff could elicit testimony on nationally accepted police practices regarding the use of excessive force, as well as local policies regarding the use of excessive force). While district courts in this Circuit have interpreted Sixth Circuit decisions to allow testimony regarding recognized police policies and procedures, such testimony is permitted so long as the witness does not provide a legal conclusion. *See Luna*, 2013 WL 12316066, *6, n.3, 2013 U.S.Dist. LEXIS 202793, *20 n.3 ("The Sixth Circuit has made clear that city policies do not determine

constitutional law. However, this does not make local or state policies irrelevant to the issue of whether a defendant acted within constitutional bounds. As a sister court has explained, the Sixth Circuit [ ] did not rule that such standards could not be considered by a fact finder, only that they cannot be understood to define the constitutional boundaries by which an officer's conduct is to be judged.").

## STATEMENT OF THE ISSUES PRESENTED

Should Plaintiff be allowed to present to the jury Defendants' written policies related to the very actions that Plaintiff is alleging that Defendants violated in this case?

**PLAINTIFF'S RESPONSE AND BRIEF IN OPPOSITION TO DEFENDANTS' MOTION IN LIMINE TO PRECLUDE DETROIT POLICE DEPARTMENT POLICIES**

## I. STATEMENT OF FACTS

On January 12, 2017, Plaintiff Edward Slappey was falsely arrested on disorderly conduct charges by Carthan and Bromley outside of Telway, unreasonably seized and transported to a dark abandoned neighborhood by Carthan and Bromley, and once again falsely arrested on disorderly conduct by Defendant Williams in Detroit Receiving Hospital. The first disorderly conduct charges were dismissed and Plaintiff was found not guilty of the second disorderly conduct charge nearly 2 years later.

Defendants now argue that Detroit Police Department policies should be excluded as irrelevant, more prejudicial than probative, misleading, and confusing.

## II. LAW AND ARGUMENT

### A. FRE 401, 402 and 403

Federal Rules of Evidence preclude evidence which is irrelevant as well as evidence which is substantially more prejudicial than probative. Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and that fact "is of consequence in determining the action." FRE 401. Only relevant evidence is admissible. FRE 402.

5

Federal Rule of Evidence 403 provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

In the present case, Defendants' state of mind is at issue. Particularly, Plaintiff must show that all Defendants acted willfully and wantonly to prove liability for punitive damages. Plaintiff must also show that all Defendants were deliberately indifferent to prove liability.

The DPD policies that relate to Defendants' conduct are important to show that Defendants had the notice and knowledge of what the proper procedure was for conducting an arrest, transporting detainees/arrestees, dealing with lost persons, conveyances, and dealing with sick/injured detainees/arrestees. Despite this knowledge from their own policies, Defendants displayed deliberate indifference – they weren't merely ignorant and negligent. Further, the Defendants flagrant violation of the known DPD policies shows willful and wanton misconduct, which can or should subject Defendants to punitive damages.

"'Unfair prejudice' means the undue tendency to suggest a decision based on improper considerations; it 'does not mean the damage to a [party's] case that results from the legitimate probative force of the evidence.'" *Doe v. Clairborne*

6

*County, Tenn.*, 103 F.3d 495, 515 (6th Cir. 1996) (quoting *United States v. Bonds*, 12 F.3d 540, 567 (6th Cir. 1993)). In the present case, the relevant DPD policies are highly relevant to show Defendants' state of mind when they flagrantly violated their own policies while violating Plaintiff's well-established constitutional rights.

### B. Caselaw

A review of the law on this issue reveals that district courts in this Circuit do not categorically exclude this evidence. *See Luna v. Bell*, No. 3:11-cv-00093, 2013 WL 12316066, *6, n.3, 2013 U.S. Dist. LEXIS 202793, *20 n.3 (M.D. Tenn. Aug. 1, 2013) (holding that correctional facility policies are relevant to the issue of whether a defendant acted within constitutional bounds); *see also Alvarado v. Oakland County*, 809 F. Supp.2d 680, (E.D. Mich. 2011) (concluding that the plaintiff could elicit testimony on nationally accepted police practices regarding the use of excessive force, as well as local policies regarding the use of excessive force). While district courts in this Circuit have interpreted Sixth Circuit decisions to allow testimony regarding recognized police policies and procedures, such testimony is permitted so long as the witness does not provide a legal conclusion. *See Luna*, 2013 WL 12316066, *6, n.3, 2013 U.S.Dist. LEXIS 202793, *20 n.3 ("The Sixth Circuit has made clear that city policies do not determine

constitutional law. However, this does not make local or state policies irrelevant to the issue of whether a defendant acted within constitutional bounds. As a sister court has explained, the Sixth Circuit [ ] did not rule that such standards could not be considered by a fact finder, only that they cannot be understood to define the constitutional boundaries by which an officer's conduct is to be judged.").

## III. CONCLUSION

Plaintiff requests that the Court allow Plaintiff to present to the jury Defendants' own department policies known by Defendants which evidence demonstrates Defendants' deliberate indifference and the willful and wanton nature of Defendants' misconduct.

Respectfully Submitted,

**/s/ BrandonMcNeal**
**ROBINSON AND ASSOCIATES, P.C.**
DAVID A. ROBINSON (38754)
THOMAS E. KUHN (P37924)
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on July 5, 2021, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the attorneys of record.

/s/ Cheryl Watson
Cheryl Watson